J-S59018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE K. CLARK | |
| Appellant | No. 3094 EDA 2013 |

Appeal from the PCRA Order October 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011902-2008

BEFORE: SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 25, 2014**

Jermaine K. Clark appeals *pro se* from the trial court's order dismissing his petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

In September 2009, Clark entered a negotiated plea to aggravated assault and conspiracy. In return for his plea, the Commonwealth agreed to *nol pros* the remaining charges and recommended concurrent sentences of 2½-10 years in prison. On December 16, 2009, the trial court sentenced Clark to the negotiated term of 2½-10 years' imprisonment. No direct appeal was filed. On June 15, 2012, Clark filed the instant *pro se* PCRA

_____

[*] Retired Senior Judge assigned to the Superior Court.

petition. Counsel was appointed, who submitted a **Turner**/**Finley**[1] brief requesting permission to withdraw as counsel on the basis that Clark's petition was untimely and no exceptions to the PCRA timing requirements were met. On September 4, 2013, the trial court sent Clark a Pa.R.Crim.P. 907 notice of its intent to dismiss his petition as untimely. Clark filed a *pro se* response to the court's Rule 907 notice. Ultimately the trial court granted counsel's request to withdraw and dismissed Clark's petition. This timely appeal followed.

On appeal, Clark contends that the PCRA court abused its discretion by arbitrarily dismissing his petition as untimely where the record demonstrates that he was entitled to an exception under 42 Pa.C.S.A. § 9545(b)(1)(ii).[2]

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the timeliness requirement, set forth at 42 Pa.C.S. § 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[2] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012).

for filing the petition is met, the petition will be considered timely. ***Id.*** The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003).

In the instant case, Clark's judgment of sentence became final on January 16, 2010, thirty days after he was sentenced and the time expired to file a direct appeal to this Court. ***See*** Pa.R.A.P. 903(a). Clark's petition, therefore, had to be filed by January 16, 2011, to be considered timely under the PCRA. Because Clark's petition was filed more than five months after that date, it is facially untimely.

Clark, however, invokes the PCRA's timeliness exception set forth in section 9545(b)(1)(ii). This exception requires a petitioner to demonstrate that he did not know of the facts upon which he based his petition and could not have learned them earlier by the exercise of due diligence. ***Commonwealth v. Monaco***, 996. A.2d 1076 (Pa. Super. 2010). Moreover, a petition invoking one of the PCRA's timeliness exceptions must be filed within 60 days of the date the claim could first have been presented and the petitioner must plead and prove specific facts that demonstrate his claim was raised within that 60-day time frame. ***See*** 42 Pa.C.S. § 9545(b)(2).

In his brief, Clark claims that he received his "newly discovered evidence via first class mail on April 10, 2012, and later filed his petition on June 7, 2012 well within the 60 days required by law." Appellant's Brief, at 1. Specifically, Clark contends that on April 10, 2012, he received a copy of

the Pennsylvania Board of Probation and Parole's (the Board) decision to deny his application for parole. In that notice it is indicated that the district attorney advised the parole board not to release Clark. Accordingly, Clark asserts that because the D.A. opposed his parole, he breached the parties' negotiated plea agreement, which included an agreed upon minimum term of incarceration.

Instantly, the Board did not review Clark's case until he had served the minimum term of his negotiated sentence, 2½ years in prison. Therefore, the D.A. did not breach the parties' agreed upon minimum term of incarceration. Moreover, while the Board's notice of its decision does indicate "the negative recommendation made by the prosecuting attorney" as a reason for denying parole, it is merely one of four reasons stated. The other reasons include: prior unsatisfactory parole supervision history; minimization/denial of the nature and circumstances of offenses committed; and lack of remorse for offenses committed. Therefore, while the D.A. may have advocated against paroling Clark, it was not the singular reason for his parole being denied. Moreover, there was no term in the parties' negotiated plea agreement precluding the D.A. from taking a negative position on Clark's parole requests.[3] Accordingly, we fail to find that Clark has proven

_____

[3] Even if this information were truly considered "newly discovered" evidence under the PCRA timing exception, Clark did not comply with section 9545(b)(2) by filing his petition within 60 days of the date that he could have obtained it. Clark incorrectly measures the 60 days from the date that
*(Footnote Continued Next Page)*

an exception to the PCRA's time bar. The trial court's determination is supported by the evidence of record and is free of legal error. ***Johnston***, ***supra***.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2014

---

*(Footnote Continued)* ───────────

he received a copy of the notice of the Board's decision. ***See Commonwealth v. Porter***, 35 A.3d 4 (Pa. 2012) (PCRA time bar not measured from when petitioner obtained information, but from when it could have been obtained). However, he offers no explanation as to why, with the exercise of due diligence, he could not have become aware of the Board's decision on the day it was rendered (February 16, 2012).